**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000078
19-DEC-2025
07:53 AM
Dkt. 81 SO**

NO. CAAP-23-0000078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PAMELA JOYCE LOUGH, Plaintiff-Appellant, v.
HAWAII PACIFIC UNIVERSITY, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001520)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

This appeal concerns whether summary judgment was properly granted in an employment discrimination case based on age and/or sex under Hawaii Revised Statutes (**HRS**) § 378-2.[1] Plaintiff-Appellant Pamela Joyce Lough (**Lough**) appeals from the January 19, 2023 Final Judgment entered in favor of Defendant-Appellee Hawaiʻi Pacific University (**HPU**) by the Circuit Court of the First Circuit (**Circuit Court**).[2] Lough also challenges the Circuit Court's December 8, 2022 "Findings of Fact, Conclusions of Law, and Order Granting [HPU's] Motion for Summary Judgment, Filed October 6, 2022" (**Order Granting MSJ**).

On November 11, 2020, Lough filed a complaint alleging that HPU discriminated against her in violation of HRS Chapter

---

[1]    HRS § 378-2 makes it an "unlawful discriminatory practice" for any employer to "refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment" based on, *inter alia*, age or sex.  HRS § 378-2(a)(1)(A) (2019).

[2]    The Honorable Dean E. Ochiai presided.

378 when it terminated her employment due to her age (58 at the time of termination) and sex (female).

HPU subsequently filed a motion for summary judgment (**MSJ**), arguing that: (1) Lough cannot establish a prima facie case of discrimination on the basis of age and gender; and (2) HPU had a legitimate non-discriminatory reason for terminating Lough – *i.e.*, she allegedly sent, without authorization, confidential information about HPU's financial situation to a third-party. Lough opposed the motion, arguing that she has established a prima facie case of discrimination, and there is a genuine issue whether she can establish that HPU's alleged nondiscriminatory reason for termination is pretextual.

Following a November 2, 2022 hearing on the MSJ, the Circuit Court granted the motion. The Order granting MSJ concluded that Lough could not establish a prima facie case of age and sex discrimination, HPU had a legitimate non-discrimina-tory reason for terminating Lough, and Lough could not show that HPU's reasons for termination are pretextual.

On appeal, Lough contends that the Circuit Court erred in: (1) "concluding that [Lough] did not establish a prima facie case of age discrimination"; (2) "concluding that '[HPU] had a legitimate, non-discriminatory reason for terminating [Lough]'"; (3) "concluding that [Lough] did not satisfy the third prong of a *prima facie* case of disparate treatment on the basis of age and sex showing that she was treated less favorably than 'similarly situated' employees"; and (4) "not providing [Lough] an extension of time to obtain transcripts from previously held depositions pursuant to Hawai['']i Rules of Civil Procedure ('HRCP') Rule 56(f)."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Lough's contentions as follows, and vacate.

(1) Lough contends that, contrary to the Circuit Court's conclusion, she did in fact establish a *prima facie* case for age discrimination pursuant to Shoppe v. Gucci Am., Inc., 94 Hawai['']i 368, 14 P.3d 1049 (2000). Specifically, she argues that

the Circuit Court failed to use the proper analytic framework in addressing her claim for age discrimination under HRS § 378-2.

"We review a circuit court's award of summary judgment de novo under the same standard applied by the circuit court." Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015) (quoting Shoppe, 94 Hawaiʻi at 376, 14 P.3d at 1057) (internal quotation marks omitted).

Here, there is no dispute that Lough's age and sex discrimination claims rely on circumstantial evidence. When analyzing such a claim, Hawaiʻi courts engage in a three-step analysis – a modified version of the burden-shifting test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 343, 418 P.3d 1187, 1199 (2018) (citing Adams, 135 Hawaiʻi at 13, 346 P.3d at 82).

> First, the plaintiff must establish a prima facie case of discrimination by demonstrating, by a preponderance of evidence, the following four elements: (1) that plaintiff is a member of a protected class; (2) that plaintiff is qualified for the position . . . from which plaintiff has been discharged; (3) that plaintiff has suffered some adverse employment action, such as a discharge; and (4) that the position still exists.

Id. (quoting Shoppe, 94 Hawaiʻi at 378, 14 P.3d at 1059). Second, if the plaintiff establishes a prima facie case, "the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Id. (quoting Adams, 135 Hawaiʻi at 13, 346 P.3d at 82). Third, "if the employer rebuts the prima facie case, the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were pretextual." Id. (quoting Adams, 135 Hawaiʻi at 14, 346 P.3d at 83) (internal quotation marks omitted).

In conclusion of law (**COL**) 47, the Circuit Court set out the elements applicable to Lough's claims for age and sex discrimination as follows:

> 47. To establish a prima facie case of disparate treatment on the basis of age and sex, Plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably

than similarly situated employees that are younger and/or male. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (Title VII); Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006) (individuals must be similarly situated "in all material respects"); Bragalone v. Kona Coast Resort Joint Venture, 866 F. Supp. 1285, 1291 (D. Haw. 1994)(citing Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990).

(Emphasis added.)

Analyzing the first three elements of a prima facie case, the Circuit Court concluded that Lough is a member of a protected class, she met the qualifications for her position, and she suffered an adverse employment action when she was terminated. Analyzing the fourth element (**Element 4**), however, the court determined that Lough was not treated less favorably than similarly situated employees that were younger and/or male.

The Circuit Court's analysis of Lough's prima facie case thus turned on Element 4. In analyzing Lough's age and sex discrimination claims, however, the Circuit Court misstated Element 4. In these circumstances, where Lough's employment was terminated, she was not required to demonstrate that she was treated less favorably than similarly situated employees who were younger or male; rather she was required to show that "the position still exists."[3] Adams, 135 Hawai'i at 13, 346 P.3d at 82 (quoting Shoppe, 94 Hawai'i at 378, 14 P.3d at 1059) (applying "the position still exists" element to an age discrimination claim); Nozawa, 142 Hawai'i at 342-43, 418 P.3d at 1198-99 (quoting Shoppe, 94 Hawai'i at 378, 14 P.3d at 1059) (applying "the position still exists" element to a gender discrimination claim); see Fernandez v. FedEx Corp. Servs., Inc., No. 20-0031 HG-RT, 2021 WL 4305259, at *6 n.1 (D. Haw. Sept. 3, 2021) (noting that Nozawa, not earlier case law, sets forth the prima facie test for sex discrimination claims pursuant to HRS § 378-2). In opposing summary judgment, Lough asserted that "the position at issue is still unfilled." She points to evidence submitted by HPU below that her position "was transitioned" to an existing HPU

---

[3] In cases where a plaintiff alleges an adverse employment action but has "continued to be employed by the employer, the plaintiff may satisfy the fourth element of the prima facie case of discrimination by demonstrating that a similarly situated employee outside of [the plaintiff's] protected class was treated more favorably." Kaloi v. Cnty. of Hawai'i, No. CAAP-15-0000308, 2016 WL 3199477, at *3 (Haw. App. June 8, 2016) (mem. op.).

employee, as well as deposition testimony from HPU's president that Lough's position "has not been filled by a permanent person" and "[t]here is a person . . . in a temporary position overseeing sort of the library."  She cites authority holding that under analogous federal law, an inference of age discrimination can, in certain circumstances, be established by showing the employer "had a continuing need for [the plaintiff's] skills and services in that [their] various duties were still being performed."  Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994) (quoting Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990)) (internal quotation marks omitted).  It appears the Circuit Court did not consider this evidence or authority in determining that Lough failed to establish a prima facie case of age or sex discrimination.

HPU contends that Lough's argument fails because:  "(1) Shoppe is not the appropriate legal standard for discrimination claims based on age and sex; (2) [Lough] waived her right to raise the applicability of Shoppe on appeal when she failed to object to the exclusion of Shoppe in her own Proposed [findings of fact and conclusions of law] . . .; and (3) even if Shoppe applied, [Lough] still fails to meet her prima burden."

Initially, we conclude that Lough did not waive her argument regarding Element 4, as she presented the argument in her opposition to the MSJ and at the hearing on the MSJ.

We find unpersuasive HPU's argument that "the position still exists" element does not apply because Lough alleges she was terminated due to both age and sex discrimination.  Lough can prevail if she establishes that she was unlawfully terminated because of age discrimination or sex discrimination.  Shoppe and Nozawa make clear that "the position still exists" element applies to both her age and sex discrimination claims, and it is for the Circuit Court to decide on remand whether she satisfied this element and thus established a prima facie case of age and sex discrimination.[4]

_____

[4]     Lough argues in her reply brief that "the [Circuit] [C]ourt should have split up the claims in its analysis and used the Shoppe test for the age discrimination claim and the McDonnell Douglas test, as adopted by the Hawaiʻi Supreme Court, for the sex discrimination claim."  Regarding the latter test,

On this record, we conclude that the Circuit Court erred by failing to consider "the position still exists" element in concluding that Lough did not establish a prima facie case of age or sex discrimination.

(2) Lough contends that "[HPU's] alleged legitimate, non-discriminatory reason for terminating [her] was not legitimate and in fact pretextual." Lough thus challenges the Circuit Court's analysis of step 2 of the Shoppe test, under which "the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Shoppe, 94 Hawai‘i at 378, 14 P.3d at 1059. "The employer's explanation must be in the form of admissible evidence and must clearly set forth reasons that, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the challenged employment action." Id. Lough's argument also bleeds into step 3 of the Shoppe test, under which "the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were 'pretextual.'" Id. at 379, 14 P.3d at 1060. "A plaintiff may establish pretext 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" Id. (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)).

Here, HPU asserted that Lough was terminated "because she sent confidential information about HPU's financial situation to a third-party [Linda Wobbe (**Wobbe**), eJournal Relations Manager for the Statewide California Electronic Library Consortium (**SCELC**)]: (a) knowing that [HPU] President [John Gotanda (**Gotanda**)] had instructed the information not be shared outside of the University; and (b) without getting authorization from either the Provost or Office of University Counsel to disclose the confidential financial information to SCELC[,]" and "[Lough's] actions were in direct violation of the University's

_____

Lough argues that she showed that she was treated less favorably than similarly situated employees. However, in Nozawa, the supreme court applied the Shoppe test, including "the position still exists" element, to a gender discrimination claim. Nozawa, 142 Hawai‘i at 342-43, 418 P.3d at 1198-99.

policies . . . ." The communication at issue stemmed from an email exchange between Lough and Wobbe. On October 25, 2019, Wobbe asked Lough whether HPU had made a decision on whether to renew or stop its subscription to the American Chemical Society (**ACS**). Lough informed Wobbe that HPU would have to stop its subscription. In order to prematurely cancel the subscription, Wobbe requested documentation from an administrator confirming that HPU's decision to stop the subscription was due to budget cuts or other financial difficulty. Lough responded to Wobbe by sending her a copy of a "Talk Story" summary from Gotanda. In her accompanying email, Lough stated:

> We received a number of complaints from our science faculty and we feel very sad about having to do this. Will the attached, censored email suffice? Our president has asked us not to talk about our financial situation outside the university. He did not want us to discuss the content of the meeting/presentation referenced in the email, but most of the financial discussions and presentations have been in person, rather than documented. Any documentation distributed has been confidential.
>
> Please keep this information, including the attachment confidential.

Based on this email and the surrounding circumstances, HPU argued below that Lough knew that the financial information she was transmitting was confidential, but nevertheless sent the information to Wobbe, and that HPU terminated Lough because of it.

Lough, on the other hand, denied having "discussed, released or disclosed Confidential Information to any person who has not been authorized by the University to receive or discuss the information." According to Lough, all she actually emailed and disclosed was "a snippet" from Gotanda's "Talk Story," which was emailed by Gotanda to Lough's "colleagues." Lough further asserted that the "snippet" disclosed only general information regarding HPU, as follows:

> [HPU header]
> From the Office of the President • John Y. Gotanda
>
> Aloha Colleagues,
>
> In case you missed our September 27 President's Talk Story, we want to provide you a recap of CFO David Kostecki's financial presentation and answer some questions that were

raised.  As you review these highlights of our financial strategies and plans, please keep in mind that our most important investments are those that we make on behalf of our people.  And that means, of course, our students, our faculty and our staff.

**HPU is Moving Forward**

• FY 2020 is a critical year of solid recovery.  We designed a budget -- approved by the Board of Trustees in June – that <snip> prioritizes our people and the work you do for our students.

<snip>

Lough argued that:  (1) the alleged confidential information that she emailed was not "business or financial information about the University (e.g., costs, profits, business plans, operational needs, marketing plans, employment policies and practices)," as reflected in HPU's confidentiality policy; (2) it was widely known publicly that HPU was going through financial difficulties at that time, as detailed in numerous published articles; and (3) other HPU employees such as Senior Vice President Jennifer Walsh, President Gotanda, and Chief Financial Officer David Kostecki "openly discussed and disclosed the information related to HPU's financial difficulties to third-parties, including the media, without being disciplined."

On this record, we conclude that Lough raised a genuine issue of material fact as to whether she disclosed confidential information about HPU's financial situation to a third party, in violation of HPU's policies.  As this was the purported basis for Lough's termination, she raised a genuine issue of material fact as to whether HPU articulated a legitimate, nondiscriminatory reason for the termination, and whether HPU's proffered reason was pretextual.  These genuine issues precluded judgment in HPU's favor as a matter of law.  The Circuit Court therefore erred in granting the MSJ.

Given our disposition, we need not reach Lough's remaining contentions.

For the reasons discussed above, we vacate the December 8, 2022 "Findings of Fact, Conclusions of Law, and Order Granting [HPU's] Motion for Summary Judgment, Filed October 6, 2022," and the January 19, 2023 Final Judgment, both entered by the Circuit Court of the First Circuit.  This case is remanded to

the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, December 19, 2025.


On the briefs:

Joseph T. Rosembaum,
Elizabeth Jubin Fujiwara, and
Marcos R. Bendaña
(Fujiwara & Rosenbaum, LLLC)
for Plaintiff-Appellant.

Anna Elento-Sneed and
Trisha Gibo
(ES&A, Inc.)
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge